**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

LATASHA TENNIAL, PLAINTIFF,

VS. CIVIL ACTION NO. 2:10CV188-P-S

EXEL LOGISTICS and
MARIBETH GREEN, DEFENDANTS.

## FINAL JUDGMENT

These matters come before the court upon Defendant Maribeth Green's March 23, 2011 motion to dismiss [docket number 8] and Defendant Exel Logistics's motion for partial dismissal [docket number 10] and motion for partial judgment on the pleadings [docket number 20]. After due consideration of the motions, the court finds as follows, to-wit:

The plaintiff filed this action *pro se* on October 14, 2010 alleging that her employer, Exel Logistics (whose proper name is Exel, Inc.), and Exel's human resources manager, Maribeth Green, violated Title VII, 42 U.S.C. §2000e-5 by allegedly discriminating against the plaintiff for her race, gender, and religion, violated the Americans with Disabilities Act, 42 U.S.C. §§12101 *et seq.*, and violated the Family Medical Leave Act.

Defendant Maribeth Green moves to dismiss the plaintiff's claims against her for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Ms. Green moves to dismiss the Title VII claims because "[o]nly 'employers,' not individuals acting in their individual capacity who do not otherwise meet the definition of 'employers,' can be liable under [T]itle VII." *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994). Similarly, she moves to dismiss the plaintiff's claims under the ADA because she is not an "covered entity" to which the ADA confines liability. 42 U.S.C. §12111(2) (defining "covered entity" as "employer, employment agency, labor

1

organization, or joint labor-management committee"); 42 U.S.C. 12112(a) ("No covered entity shall discriminate against a qualified individual on the basis of disability ...."). Finally, Ms. Green moves to dismiss the FMLA claim for untimeliness. In this case, an FMLA claim must have been filed within 2 years of "the date of the last event constituting the alleged violation for which the action is brought." 289 U.S.C. §2617(c)(1). The plaintiff claims that this date was June 24, 2008. The complaint was filed on October 14, 2010 – over three months after the deadline of June 24, 2010.

Defendant Exel, Inc. moves to dismiss the plaintiff's FMLA claim as untimely. For the same reasons as discussed above regarding Ms. Green, the court finds that the motion should be granted and the FMLA claim should be dismissed as untimely.

Defendant Exel, Inc. also moves for a partial judgment on the pleadings, seeking dismissal of the ADA claim arguing that the plaintiff failed to exhaust her administrative remedies by failing to mention the ADA claim in her EEOC complaint. Exel argues that not only did the plaintiff not check the box for "disability" on the EEOC complaint, she also did not mention anything in the "The Particulars Are" section of the complaint that mentioned a disability, nor could an ADA claim be reasonably expected to have grown out of the charge of discrimination as required by *Thomas v. Texas Department of Criminal Justice*, 220 F.3d 389, 306 (5th Cir. 2000). The court agrees with this assessment since it is clear from the EEOC complaint that there was no allegation of a disability.

In their motion for partial judgment on the pleadings, Defendant Exel also seeks dismissal of all three of the plaintiff's Title VII claims. They correctly argue that 42 U.S.C. §2000e-5(f)(1) and the plain language of the Right to Sue Letter sent by the EEOC to the plaintiff on September 30, 2009 required the plaintiff to file suit within 90 days of receipt of the Right to Sue Letter. The plaintiff did not file the instant action until October 14, 2010. Accordingly, the deadline to have filed

suit on her Title VII claims passed at the latest in early January 2010 – some ten months before suit was actually filed. Since these dates are undisputed, the court concludes that all of her Title VII claims should be dismissed as time-barred.

Defendant Green and Defendant Exel's motions to dismiss were filed on March 23, 2011. The deadline to respond to the motions passed on March 11, 2011. Defendant Exel's motion for partial judgment on the pleadings was filed on May 26, 2011. The deadline to respond passed on June 13, 2011. No responses were filed to any of these motions, nor did the plaintiff otherwise contact the court for additional time to file responses. Nevertheless, the court concludes that the motions should be granted on the merits as explained above.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant Maribeth Green's March 23, 2011 motion to dismiss [docket number 8] is **GRANTED**; thus,

(2) All of the plaintiff's claims against Maribeth Green are **DISMISSED WITH PREJUDICE**;

(3) Defendant Exel Logistics's motion for partial dismissal [docket number 10] and motion for partial judgment on the pleadings [docket number 20] are **GRANTED**; accordingly,

(4) All of the plaintiff's claims against Exel, Inc. are **DISMISSED WITH PREJUDICE**; and

(5) This case is **CLOSED** with the parties to bear their own costs.

**SO ORDERED** this the 1st day of August, A.D., 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE